IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL ARTHUR LOPEZ,

    Plaintiff,

   v.                                                             No. CIV 13-0743 JH/CEG

JERRY ROARK, JOE BOOKER,
JAMES FRAWNER, MICHAEL GONZALES,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original and amended civil rights complaints (Docs. 1, 6) (together the "complaint"). Also before the Court are Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 6), Motion for Appointment of Counsel (Doc. 8), Motion to Compel the Enlargement of Time (Doc. 10), motion for order to show cause (Doc. 11), and Motion to Compel Service of Process (Doc. 16). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

(quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, before Plaintiff was transferred to the Otero County (New Mexico) Prison Facility ("OCPF"), he had been placed in protective custody. When he arrived at OCPF, he was "involuntarily placed in general population." (Am. compl. ¶ 13.) After he made two written requests, Plaintiff was returned to protective custody. A week later he was re-released to general population. (Am. compl. ¶¶ 15-16.) Shortly thereafter, he suffered injuries when other inmates attacked him. Plaintiff's subsequent grievances and requests for protective custody were to no avail. He also alleges that Defendant Gonzales issued a false misconduct report against him in retaliation for filing grievances. (Am. compl. ¶ 21.). Plaintiff asserts that Defendants' conduct violated his rights under the First, Eighth, and Fourteenth Amendments. The complaint seeks damages and injunctive relief.

Defendants (Warden) Frawner and Gonzales have answered the complaint. Defendant Roark, Director of Adult Prisons, and Defendant Booker, a Deputy Secretary of Corrections, have not answered. The complaint's only allegations against Defendants Roark and Booker are that they failed to respond, or to respond adequately, to Plaintiff's inquiries and grievances about his treatment at the prison. These allegations do not support civil rights claims against them. First, "[a] prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (quotation and brackets omitted), *quoted in Boyd v.*

*Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011).

Second, the complaint fails to allege personal involvement by Defendants Roark and Booker in the constitutional violation. *See, e.g., Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). "[U]nder [*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)], a supervisor's mere knowledge of his subordinate's discriminatory purpose and acquiescence are insufficient to establish a constitutional violation." *Phillips v. Tiona*, 508 F. App'x 737, 744 (10th Cir. 2013). And furthermore, "[b]ecause [Plaintiff]'s only allegations involving these defendants relate to the denial of his grievances, he has not adequately alleged any factual basis to support an 'affirmative link' between these defendants and any alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). Under these rules governing § 1983 actions, the Court will dismiss Plaintiff's claims against Defendants Roark and Booker.

Plaintiff's Motion for Appointment of Counsel will be denied at this time. The starting point in evaluating a motion for appointment of counsel is that Plaintiff does not have a constitutional right to counsel in a civil rights action. *See Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987). Factors the Court weighs when considering a motion for appointment of counsel in a civil rights case include " 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.' " *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the motion.

Because Plaintiff filed his Motion for Leave to File an Amended Complaint (Doc. 6)

before Defendants had made any responsive filings, the motion is moot and will be denied. *See* Fed. R. Civ. P. 15(a)(1). Plaintiff has made a recent installment payment towards the filing fee, and thus his Motion to Compel the Enlargement of Time will be denied as moot. The motion for order to show cause seeks the same relief that is requested in the complaint and will be denied at this time. In light of the ruling below dismissing the non-answering Defendants, Plaintiff's Motion to Compel Service of Process will be denied as moot.

    IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Roark and Booker are DISMISSED, and these Defendants are DISMISSED as parties to this action;

    IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 6), Motion to Compel the Enlargement of Time (Doc. 10), and Motion to Compel Service of Process (Doc. 16) are DENIED as moot; and the Motion for Appointment of Counsel (Doc. 8) and motion for order to show cause (Doc. 11) are DENIED at this time.

_____
UNITED STATES DISTRICT JUDGE