## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PAUL ARTHUR LOPEZ,

      Plaintiff,

      v.                                   No. CV 13-743 JH/CG

JAMES FRAWNER and MICHAEL
GONZALEZ, in their official and individual
capacities,

      Defendants.

### ORDER ADOPTING MAGISTRATE JUDGE'S
### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on United States Magistrate Judge Carmen

Garza's *Proposed Findings and Recommended Disposition* ("PFRD"), filed on February

23, 2015. (Doc. 55). In the PFRD, the Magistrate Judge concluded that there existed no

genuine dispute of any material fact as to any of Plaintiff Paul Lopez's claims asserted

under 42 U.S.C. § 1983, and recommended that *Defendants' Motion for Summary*

*Judgment and Supporting Memorandum* ("Motion"), (Doc. 48), be granted, and this

matter be dismissed with prejudice.

The parties were notified that written objections to the PFRD were due within 14

days. (Doc. 55 at 26). Plaintiff filed *Plaintiff's Written Objections to the Magistrates*

*Report and Recommendations (Doc. 55)*, ("Objections"), (Doc. 56) and *Motion for the*

*Appointment of Counsel* (Doc. 57), on March 11, 2015; and Defendants James Frawner

and Michael Gonzalez filed *Defendants' Response to Plaintiff's Written Objections to*

*the Magistrate's Report and Recommendations [Doc. 56]* ("Response"), on March 25,

2015. (Doc. 58). After a de novo review of the record and the PFRD, the Court adopts

Judge Garza's *Proposed Findings and Recommended Disposition* in its entirety.

## I.    Background

Plaintiff is an inmate who was incarcerated at Otero County Prison Facility

("OCPF") in Chaparral, New Mexico from March 20, 2013 through May 15, 2014. (Doc.

1; Doc. 45 at Ex. 1 ¶ 5). Plaintiff filed an original and an amended pleading pursuant to

42 U.S.C. § 1983, which the Court construes together as the "Complaint."[1] (Docs. 1, 6-

1). Plaintiff alleges that while housed at OCPF, his constitutional rights under the First,

Eighth, and Fourteenth Amendments were violated by James Frawner and Michael

Gonzalez, who are the Warden and a Gang Intelligence Officer at OCPF, respectively.

(Doc. 45 at Ex. 1 ¶ 2; *Id.* at Ex. 2 ¶ 2).

Plaintiff contends that Defendants failed to protect him from other inmates

because he was not placed in a protective custody unit while he was at OCPF. Plaintiff

claims that he complained several times to Defendants that his safety was at risk in

general population, and requested voluntary placement in protective custody. Plaintiff

argues that Defendants were deliberately indifferent to his safety by not permanently

placing him in protective custody, in violation of his Eighth Amendment, Due Process,

and Equal Protection rights. Plaintiff also contends that Defendant Gonzalez retaliated

against him in violation of the First Amendment for utilizing the inmate grievance

process. Defendants answered and subsequently filed a *Martinez* Report pursuant to

court order, and also moved for summary judgment on all of Plaintiff's claims.

---

[1] The Court must construe the filings of a pro se litigant liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot go so far as to serve as the pro se litigant's advocate. *Id.* Plaintiff must follow the same procedural rules that govern other litigants. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994).

This Court referred this matter to Judge Garza to conduct analysis, and to make findings of fact and a recommended disposition. (Doc. 3). Judge Garza construed the Complaint as asserting claims under the First, Eighth, and Fourteenth Amendments against Defendants, and concluded that all of Plaintiff's claims should be dismissed with prejudice.

## II.    Objections

After a magistrate judge files her recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. FED.R.CIV.P. 72(b)(2). An objection must be both timely and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute."[2] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). When resolving objections to a magistrate judge's recommendation, the district judge must make a de novo determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C).

### A.    *Count I: Eighth Amendment*

Plaintiff's first claim is that Defendants failed to provide a safe environment while he was incarcerated, which he believes violated his Eighth Amendment right "to be free from cruel and unusual punishment." (Doc. 1 at 3). Plaintiff contends that Defendants knew he faced a substantial risk of serious harm by being placed in general population at OCPF, but they refused to take reasonable measures to abate that risk in violation of the Eighth Amendment. After considering all of the evidence in the record, Judge Garza

---

[2] Thus, Plaintiff's general statement that he opposes the entirety of the PFRD and objects to all of Judge Garza's findings and recommendations, (Doc. 56 at 12), is not a proper objection to be considered by the Court.

determined that no reasonable jury could conclude from the facts that either defendant had the requisite culpable state of mind necessary for Plaintiff to succeed on his Eighth Amendment claim. Accordingly, Judge Garza recommended that summary judgment be granted in favor of Defendants on this claim.

Plaintiff objects to Judge Garza's findings, arguing that there is a genuine issue of material fact to be resolved by a jury concerning Defendants' culpable state of mind. The Eighth Amendment is implicated when a prison official is deliberately indifferent to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 841 (1994). As Judge Garza explicated, a prison official violates an inmate's clearly established Eighth Amendment right if he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837; *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Thus, the Eighth Amendment is violated when: (i) objectively, the deprivation alleged is "sufficiently serious"; and (ii) the official has "a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (internal quotations omitted). "Liability on a failure-to-protect claim arises when the plaintiff was incarcerated under conditions posing a substantial risk of serious harm (the objective component of the claim), and the defendant prison officials were deliberately indifferent to the plaintiff's safety (the subjective component of the claim)." *Belcher v. United States*, No. 06-3009, 216 Fed. Appx. 821, 823 (10th Cir. Feb. 20, 2007) (unpublished) (citing *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003)).

Plaintiff states that "Inmates from [protective custody] should never be housed with inmates from [general population] due to the high risk for potential violence." (Doc. 56 at 4) (emphasis omitted). He also claims that he filed many appeals and grievances

to Defendants and other prison officials specifically concerning that issue as it related to his safety. (*Id.*). He contends that "Defendant Gonzalez should have known that taking me from [protective custody] and placing me back into the general population would place me at a substantial risk of harm." (*Id.* at 5) (emphasis omitted). He concludes that Defendants were subjectively aware of the danger to his safety, but did not act on that knowledge, and therefore he has shown there exists a genuine issue of material fact as to the subjective component of his Eighth Amendment claim.

Judge Garza explained that to satisfy the subjective component, a plaintiff must show "that the defendants knew he faced a substantial risk of harm and disregarded that risk . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (internal citations omitted). Mere negligence by prison officials or medical staff will not suffice to meet the subjective prong of deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). "It requires a level of recklessness tantamount to criminal recklessness, inclusive of a subjective mens rea." *Belcher v. Loftness*, No. 03-3261-JWL, 2005 WL 2323222, at *5 (D. Colo. Sept. 22, 2005) (unpublished) (citing *Farmer*, 511 U.S. at 836, 839–40).

Judge Garza considered Plaintiff's contention that through his classification appeals, letters, and grievances, Defendant Gonzalez and Defendant Frawner were subjectively aware that he was in danger of being harmed by another inmate while at OCPF. (Doc. 54 at 5 ¶ 18). She carefully analyzed all of those documents, and found that they focused on the quality of the living quarters themselves, and NMCD's alleged

error in placing Plaintiff in a mandatory rehabilitation program for registered sex offenders. As a result, Judge Garza concluded that the facts presented in the Complaint do not demonstrate that Plaintiff provided notice of his fears of serious harm in his classification appeals, letters, and grievances, or during any conversation with Defendants. *Id.* at 1237. Judge Garza also analyzed the circumstantial evidence showing that Plaintiff was vulnerable to assault in the general population unit at OCPF. Plaintiff alleges that he had only one contact with Defendant Martinez about his request to be placed in protective custody, and does not allege that he told Defendant Martinez he had been threatened. He merely claims that he made a voluntary request to be placed in protective custody and submitted a list of nine enemies. There are no facts that indicate Defendant Martinez had knowledge of a specific threat to Plaintiff's safety.

Judge Garza also noted that Plaintiff did not report any threats to his safety or changes in his circumstances once he returned from protective custody to general population. Now, for the first time ever, Plaintiff contends that he filed several grievances against both Defendants as a result of their decision to release him back into general population. (Doc. 56 at 6). This unsupported allegation by itself does not establish that Defendants had reason to believe that Plaintiff was going to be attacked by another inmate and ignored the situation.

Plaintiff also claims that the serious risk of harm should have been obvious to Defendants, because protective custody inmates should never be placed with general population inmates. However, Judge Garza already considered that argument in the PFRD. She accurately explained that the Court must consider the "background information" that might inform prison officials of "obvious risks" to a prisoner. *See*

*Howard*, 534 F.3d at 1238. "It is against this circumstantial backdrop" the Court must evaluate the direct evidence of what Plaintiff told prison officials. *See id*. Plaintiff's allegation that Defendants were aware of a generalized risk of harm resulting from his status as a registered sex offender, by itself, does not constitute knowledge of a specific threat. *See, e.g.*, *Belcher*, 2005 WL 2323222 at *6 (finding that official's knowledge that law enforcement informants are more likely to be in danger in a general prison population did not constitute knowledge of a specific threat, and therefore the official could not be held liable for "culpable indifference" to plaintiff's safety); *see also Brigden v. State ex. rel. Okla. Dept. of Corr.*, No. 96-3339, 1997 WL 687674, at *7 (10th Cir. Oct. 29, 1997) (unpublished) (holding general knowledge that sex offenders may be in danger in a general prison population failed to establish deliberate indifference absent knowledge of a specific threat to prisoner's safety).

This Court agrees with Judge Garza's analysis, and finds that there is no genuine issue of material fact that is in dispute concerning Plaintiff's Eighth Amendment claim. Plaintiff offers no legal authority to demonstrate that the Court must decide otherwise, and thus does not direct this Court's attention to a factual or legal issue truly in dispute. *See One Parcel of Real Prop.*, 73 F.3d at 1060.Therefore, Plaintiff's Eighth Amendment claim will be dismissed without prejudice, and Plaintiff's objection will be overruled.

B.     *Counts II and III: Due Process and Equal Protection Claims*

In Counts II and III, Plaintiff alleges that Defendants violated his Equal Protection and Due Process rights by removing him from interim protective custody at OCPF, in violation of NMCD policies and procedures (CD-143000, 150100, and 150600). (Doc. 1 at 4; Doc. 6-1 at 6–7). Judge Garza analyzed those policies and procedures, and

determined that they do not entitle him or any other inmate to remain permanently in protective custody at OCPF at will. She also found that Plaintiff failed to describe how Defendants violated those policies in a manner that contravened his due process rights. For those reasons Judge Garza determined that none of these policies grant Plaintiff a liberty interest in his prison classification, and recommended that the claim be dismissed with prejudice.

Judge Garza also discussed Plaintiff's allegation that he was not treated the same as similarly situated inmates because Defendants ignored their own policies concerning inmate placement in protective custody. "To sustain a claim under the Equal Protection Clause, a plaintiff must provide evidence that he was treated differently from others who are similarly situated to him, and that the acts forming the basis of the plaintiff's claim were motivated by a discriminatory purpose."  *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1179 (10th Cir. 2003). Plaintiff generally alleges that Defendants applied CD-143000, CD-150100, or CD-150600 differently to him than to other inmates. However, Judge Garza noted that Plaintiff does not allege that the acts forming the basis for his claim were motivated by a discriminatory purpose, nor does he provide any facts demonstrating disparate treatment by Defendants. *KT & G Corp. v. Att'y Gen. of Okla.*, 535 F.3d 1114, 1137 (10th Cir. 2008). Judge Garza recommended that the Equal Protection claim also be dismissed with prejudice on summary judgment because Plaintiff offers only conclusory and deficient allegations, unsupported by any evidence.

Plaintiff objects to Judge Garza's analysis on the basis that "New Mexico inmates have a constitutional right to expect prison officials to follow their own policies and

procedures," citing the New Mexico Supreme Court decision in *Brooks v. Shanks*, 118

N.M. 716 (1994), in support of his legal argument. (Doc. 56 at 9). In *Brook*s, the New

Mexico Supreme Court recognized that "[a] state may create a liberty interest by

establishing procedures that control how a deprivation of rights or privileges such as

good-time credits may be imposed." *Id*. In that case, the New Mexico Supreme Court

placed substantive limits on the state's ability to revoke good-time credits and thereby

recognized a liberty interest in such credits protected by due process." *Watson v.*

*Williams*, No. 08-2194, 329 Fed. Appx. 193, 195 (10th Cir. May 19, 2009) (unpublished).

However, in the PFRD, Judge Garza explained that none of the policies and procedures

cited by Plaintiff entitled him or any other inmate to remain permanently in protective

custody at OCPF at will. Thus, none of those policies create a liberty interest in being

placed in protective custody at will.

Plaintiff also alleges that Judge Garza erred in her analysis because if

Defendants had followed the prison policies and procedures, he would have never been

transferred to OCPF in the first place. (*Id*. at 10). This is a legal theory raised for the first

time, and it is well settled that issues "raised for the first time in objections to the

magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d

1421, 1426 (10th Cir. 1996); see also *United States v. Garfinkle*, 261 F.3d 1030, 1030-

31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the

magistrate judge's report are deemed waived."). Therefore, the objection is considered

waived and the Court does not consider the argument.

The Court agrees with Judge Garza's findings and conclusions, and overrules

Plaintiff's objections. Therefore, Counts II and III will be dismissed with prejudice.

C.    _Count IV: First Amendment_

Last, Plaintiff objects to Judge Garza's recommendation to grant summary judgment to Defendant Gonzalez on Plaintiff's First Amendment claim of unlawful retaliation. Plaintiff states that Defendant Gonzalez retaliated against him for using the inmate grievance system by withholding his mail and canteen privileges and framing him for illegal drug use. (Doc. 6-1 at 7). Defendant Gonzalez denies Plaintiff's allegations, and moves for summary judgment on the basis that Plaintiff has failed to allege specific facts demonstrating that Defendant retaliated against Plaintiff for filing a grievance.

Judge Garza explained that to establish a First Amendment retaliation claim, Plaintiff "must demonstrate that he was (1) engaged in protected conduct; (2) that he suffered an adverse action; and (3) that a causal connection exists between the protected conduct and the adverse action." _Baldauf v. Hyatt,_ No. 01-cv-01315-REB-CBS, 2008 WL 280839, at *7 (D. Colo. Jan. 31, 2008) (unpublished) (quoting _Scott v. Churchill,_ 377 F.3d 565, 569 (6th Cir.2004)); _see also Davis v. Goord_, 320 F.3d 346, 352 (2d. Cir. 2003). "An inmate claiming retaliation must allege _specific facts_ showing retaliation because of the exercise of the prisoner's constitutional rights." _Peterson v. Shanks,_ 149 F.3d 1140, 1144 (quotation omitted). A plaintiff must show that but for the retaliatory motive, the incidents to which he refers would not have taken place. _Id._

Judge Garza determined that Plaintiff's conduct in filing a grievance against Defendant Gonzalez is protected conduct. However, she found that any adverse action by Defendant Gonzalez taken against Plaintiff was the result of Plaintiff's violation of the OCPF prohibition on dangerous drug use, and not due to a retaliatory motive.

Plaintiff objects to Judge Garza's findings, claiming that a genuine issue of material fact exists as to whether Defendant Gonzalez framed Plaintiff for drug use. (Doc. 56 at 10). Plaintiff contends that Alejandro Molina, another inmate at OCPF who was drug tested on the same day as Plaintiff, can relay a "first hand eye witness account of exactly what happen on that day." (*Id.*) (emphasis omitted). Plaintiff also claims that the drug test paperwork was doctored by Defendant Gonzalez. Plaintiff points out that Defendant Gonzalez logged the misconduct report concerning the drug test on July 3, 2013 at 10:11 a.m., but his supervisor wrote that he received the misconduct report at 10 a.m. on that same day. (Doc. 46-31 at 4). Therefore, Plaintiff reasons that the 11-minute discrepancy is proof of malfeasance and that there is a genuine issue of material fact as to the First Amendment claim. (Doc. 56 at 11).

The disciplinary hearing officer considered all of Plaintiff's arguments and rejected them, specifically finding that the 11-minute discrepancy was the result of a minor clerical error.  (Doc. 46-31 at 1).   The Tenth Circuit has previously held that "[a]n inmate cannot state a claim of retaliation for a disciplinary charge involving a prison rule infraction when a hearing officer finds that the inmate committed the actual behavior underlying that charge and affords the inmate adequate due process." *Pinson v. Berkebile*, No. 14-1108, 576 Fed. Appx. 710, 713 (10th Cir. Aug. 6, 2014) (unpublished) (quotation and alterations omitted). Here, Plaintiff was found to have used dangerous drugs by a hearing officer, and the decision comported with due process because some evidence supported that decision. *See id.* The record shows that the hearing officer reviewed a photograph of the test cup, the misconduct report and statement by Defendant Gonzalez, and a witness statement. (Doc. 46-31 at 1). The hearing officer's

decision was subsequently appealed based on identical grounds, and upheld by Defendant Frawner. (Doc. 45 at Ex. 1 ¶¶ 39–41; Doc. 46-30 at 10).

A successful retaliation claim requires proof that 'but for' the retaliatory motive, the incidents to which Plaintiff refers, including the disciplinary action, would not have taken place. *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990). Here, the record demonstrates that Plaintiff was reprimanded for violating an OCPF prison rule after being afforded adequate due process. Thus, Judge Garza properly found that Plaintiff had failed to demonstrate the existence of the requisite causal connection.

Judge Garza also recommended denying Plaintiff's motion to expand the record and consider additional evidence attached to his motion, (Doc. 44), on the basis that the evidence constitutes hearsay, is unauthenticated, and moot because such evidence was already submitted into the record as part of the *Martinez* Report. Plaintiff references the material throughout his objections, (Doc. 56 at 10–13), but the Court will not consider those legal arguments because they are made for the first time as an objection. Further, Plaintiff does not object to Judge Garza's recommendation to deny that evidence into the record. The Court agrees with Judge Garza's analysis, and the motion to expand the record will be denied.

The Court agrees with Judge Garza's findings and conclusions, and overrules Plaintiff's objections. Therefore, Count IV will be dismissed with prejudice.

### III.   Motion to Amend is Improper

Judge Garza recommended that the Court deny Plaintiff's requests for leave to amend the Complaint to add three new defendants to this lawsuit. (Doc. 50 at 20–21). She explained that this District's local rules require that "[a] proposed amendment to a

pleading must accompany the motion to amend." D.N.M.LR-Civ. 15.1. She reasoned that because Plaintiff's motion does not include enough information to support amendment, and because he did not attach a proposed amended complaint in accordance with the local rules, that his motion is not well-taken should be denied. Plaintiff did not object to Judge Garza's finding. The Court agrees with Judge Garza's reasoning, and will deny Plaintiff's motion to amend the Complaint.

## IV.    Motion to Appoint Counsel Will Be Denied

The Court will also consider Petitioner's motion to appoint counsel. (Doc. 57). The Court weighs several factors in determining whether to appoint a pro se plaintiff counsel. Those factors include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations omitted). The Court has carefully reviewed Plaintiff's motion, the relevant case law, and the Complaint in light of the aforementioned factors. The Court finds that Petitioner appears to understand the issues in his case and appears to be representing himself in an intelligent and capable manner. Therefore, his motion for appointment of counsel will be denied at this time.

## V.    Conclusion

Plaintiff has not pointed out any factual or legal errors in Judge Garza's analysis of the claims in the Complaint. The Court finds that Judge Garza conducted the proper analysis pursuant in ruling on a summary judgment, and correctly concluded that all of Plaintiff's claims should be dismissed with prejudice. All of Plaintiff's objections are therefore overruled.

For the reasons stated above, **IT IS HEREBY ORDERED**:

a) Judge Garza's Proposed Findings and Recommended Disposition, (Doc. 55), be **ADOPTED**.

b) *Defendants' Motion for Summary Judgment and Supporting Memorandum*, (Doc. 48), be **GRANTED** in favor of all Defendants;

c) Plaintiff's claims against Defendant James Frawner be **DISMISSED WITH PREJUDICE**;

d) Plaintiff's claims against Defendant Michael Gonzalez be **DISMISSED WITH PREJUDICE**;

e) Plaintiff's Motion to Amend be **DENIED**;

f) Plaintiff's *Motion to Expand the Record*, (Doc. 44), be **DENIED**; and

g) Plaintiff's Motion for the Appointment of Counsel, (Doc. 57), be **DENIED**.

**IT IS SO ORDERED**.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE